**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF WAUKEGAN, OFFICER DANTE SALINAS, OFFICER JAMES KEATING, and WAUKEGAN POLICE CHIEF WAYNE WALLES,<br><br>    Defendants. | **Case No.:** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, Deceased, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and for her Complaint at Law against the Defendants, CITY OF WAUKEGAN, OFFICER DANTE SALINAS, OFFICER JAMES KEATING, and WAUKEGAN POLICE CHIEF WAYNE WALLES, alleges as follows:

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the Defendants' tortious conduct and their deprivation of MARCELLIS STINETTE's rights secured by the U.S. Constitution.

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper under 28 U.S.C. §1391(b). MARTELLIS STINNETTE resided in this judicial district, the defendants reside in this judicial district, and the events and omissions giving rise to plaintiff's claims occurred within this judicial district.

## PARTIES

4. Plaintiff, SHARVELLIS HOLMES, has been appointed as Independent Administrator of the Estate of MARCELLIS STINNETTE, by Nineteenth Judicial Circuit Court of Lake County, Illinois. A copy of the Order and Letters of Office are attached hereto as Exhibit 1.

5. Decedent, MARCELLIS STINNETTE, son of Plaintiff, SHARVELLIS HOLMES, was a resident of the County of Lake, State of Illinois and of the United States at the time of his death.

6. Defendant, CITY OF WAUKEGAN, is an Illinois municipal corporation that is or was the employer of the police officers DANTE SALINAS AND JAMES KEATING, named as Defendant herein. At all relevant times, the aforementioned officers acted as the agents of CITY OF WAUKEGAN.  Furthermore, Defendant, CITY OF WAUKEGAN, is a necessary party and is ultimately responsible for judgment.

7. At all relevant times, Defendant, OFFICER DANTE SALINAS, was an employee and/or duly authorized agent of the CITY OF WAUKEGAN and was acting in the course and scope of his employment.

8. At all relevant times, Defendant, OFFICER DANTE SALINAS, was acting under the color of state law, ordinance and/or regulation, statutes, and/or custom and usages of the CITY OF WAUKEGAN.

9. Defendant, OFFICER DANTE SALINAS, is being sued in both his individual and official capacity.

2

10. At all relevant times, Defendant, OFFICER JAMES KEATING, was an employee and/or duly authorized agent of the CITY OF WAUKEGAN and was acting in the course and scope of his employment.

11. At all relevant times, Defendant, OFFICER JAMES KEATING, was acting under the color of state law, ordinance and/or regulation, statutes, and/or custom and usages of the CITY OF WAUKEGAN.

12. Defendant, OFFICER JAMES KEATING, is being sued in both his individual and official capacity.

13. Defendant, WAUKEGAN POLICE CHIEF WAYNE WALLES, was at all times relevant hereto employed by and acting on behalf of CITY OF WAUKEGAN, a the Chief of Police.

## GENERAL ALLEGATIONS

14. On or about October 20, 2020, Decedent, MARCELLIS STINNETTE, was the passenger in a vehicle parked on Liberty Street, in the City of Waukegan, County of Lake, State of Illinois.

15. On or about October 20, 2020, the vehicle that Decedent was a passenger in was being operated by, TAFARA WILLIAMS.

16. The car was parked, not moving, outside of the home of TAFARA WILLIAMS.

17. The lights were on in the vehicle and the hands of both occupants were clearly visible.

18. There were no weapons in the vehicle.

19. On the aforementioned date and time, Waukegan police officer, Defendant, OFFICER JAMES KEATING, stopped his vehicle, got out, and began to question, driver, TAFARA WILLIAMS and Decedent, MARCELLIS STINNETTE.

3

20. At said time, Defendant, OFFICER KEATING, did not have reasonable suspicion or
probably cause to detain driver, TAFARA WILLIAMS, or passenger, MARCELLIS
STINNETTE.

21. Defendant, OFFICER KEATING, approached their vehicle and demanded their names
providing no reason for his stop and/or interaction with them.

22. As Defendant, OFFICER KEATING, is first exiting his car he states, "Aren't you the dude
that got in the accident? You got in an accident, right? What's yo name? Huh?"

23. The body camera footage of Defendant, OFFICER KEATING, shows OFFICER KEATING
saying, "you're one of the Stinnette kids, right?"

24. Defendant, OFFICER KEATING, then says, "You're Marcellis right? Yeah, You're under
arrest man."

25. Driver, TAFARA WILLIAMS, replies, "Why?"

26. Defendant, OFFFICER KEATING, replies, "Because I said so."

27. The body camera footage of Defendant, OFFICER KEATING, shows Decedent,
MARCELLIS STINNETTE, asking the officer, "For What?"

28. Defendant, OFFICER KEATING, responds, "show me your hands pal. C'mon, I 'aint playin'
with you cause I know you. Marcellis you're under arrest."

29. Decedent, MARCELLIS STINNETTE's hands are visible to the officer during this
exchange.

30. At no point does the officer indicate that Decedent, MARCELLIS STINNETTE, has failed to
cooperate and/or follow his demands.

4

31. The Decedent, MARCELLIS STINNETTE, had previously been an automobile accident in August of 2020 and was physically limited in his ability to move and/or walk as a result of his injuries from that accident.

32. Defendant, OFFICER KEATING, was aware of the prior accident and knew or should have known of his physical limitations.

33. The driver of the vehicle, TAFARA WILLIAMS, without notice to Decedent, MARCELLIS STINNETTE, or Defendant, OFFICER KEATING, pulls away from the curb and flees the location where she was parked.

34. At this time, Defendant, OFFICER KEATING, falsely reports to dispatch, "Hey, they just ran me over."

35. Driver, TAFARA WILLIAMS' vehicle drove away from, and not toward, Defendant, OFFICER KEATING.

36. Driver, TAFARA WILLIAMS, ultimately attempted to turn right from Martin Luther King Jr. Avenue to travel west on Helmholz Avenue when her vehicle left the roadway and struck an electric pole.

37. At that time, Defendant, OFFICER SALINAS, who had pursued the Driver, TAFARA WILLIAMS, to this scene, left his vehicle with his weapon drawn.

38. Defendant, OFFICER SALINAS, failed to turn on his body camera before drawing his weapon.

39. Simultaneously, driver of the vehicle, TAFARA WILLIAMS began to back up her vehicle to return to the roadway.

40. At no time was driver, TAFARA WILLIAMS, driving in the direction of Defendant, OFFICER SALINAS.

41. Defendant, OFFICER SALINAS, despite being in no immediate danger, discharged his firearm into the vehicle driven by TAFARA WILLIAMS, in which MARCELLIS STINNETTE was a passenger.

42. Defendant, OFFICER SALINAS, discharged his firearm five times into the front and driver's side of driver, TAFARA WILLIAMS' vehicle.

43. Decedent, MARCELLIS STINNETTE was shot by Defendant, OFFICER SALINAS.

44. At no point did Driver, TAFARA WILLIAMS' vehicle strike any police vehicles or persons, but did strike a small building on the corner of Martin Luther King Jr. Avenue and Helmholz Avenue.

45. As the time of this incident, and at all times relevant, neither Defendant OFFICER SALINAS or Defendant OFFICER KEATING had any information that any violent crime had been committed and/or that they or any other individuals were in danger of death or serious bodily harm.

46. At the time of this incident, and at all relevant times, the actions of Defendant police officers were undertaken without any information that WILLIAMS and/or STINNETTE had committed any violent crime on October 20, 2020.

47. Driver, TAFARA WILLIAMS, repeatedly informed Defendant Officers that there were no weapons in the vehicle.

48. As driver, TAFARA WILLIAMS, cried for help and indicated that she and MARCELLIS STINNETTE, had been shot, officers did not respond with aid.

49. Defendant, OFFICER SALINAS, turned on his body camera at this point and yelled, "I was right behind you and you almost tried to run me over."

50. The dash camera video footage does not support Defendant, OFFICER SALINAS' statement.

51. Driver, TAFARA WILLIAMS, continued to scream, "He got shot, he got shot, he needs help," speaking of passenger, MARCELLIS STINNETTE.

52. Officers did not render any aid at this time to Decedent, MARCELLIS STINNETTE.

53. Eventually, Decedent, MARCELLIS STINNETTE, was pulled from the vehicle and laid on the ground.

54. Decedent, MARCELLIS STINNETTE, waited on scene for an ambulance, and did not receive medical assistance for over eight minutes, while he bled out on the ground.

55. As the time of this incident, and at all times relevant, the actions of Defendant police officers had no reason to believe that TAFARA WILLIAMS or MARCELLIS STINNTTE had committed any violent crime or were a threat to any persons, including said officers.

56. At no time did Decedent, MARCELLIS STINNETTE, ever display a weapon to Defendant, OFFICER SALINAS, OFFICER KEATING, or any others.

57. At no time did Decedent, MARCELLIS STINNETTE, ever threaten to use physical force upon Defendant, OFFICER SALINAS, OFFICER KEATING, or any others.

58. At no time did Decedent, MARCELLIS STINNETTE, ever use physical force upon Defendant, OFFICER SALINAS, OFFICER KEATING, or any others.

59. At no time did Decedent, MARCELLIS STINNETTE, ever take any affirmative action to indicate that he was a danger to Defendant, OFFICER SALINAS, OFFICER KEATING, or any others.

60. Defendant Police Officers did not have reason to believe that Decedent, MARCELLIS STINNETTE, posed a significant threat of death or serious physical injuries to Defendant Police Officers or others.

61. No weapons were found in the vehicle.

62. Deadly force was not necessary or justified.

63. According to Defendant, WAUKEGAN POLICE CHIEF, WAYNE WALLES, Defendant, OFFICER SALINAS, committed multiple policy and procedure violations and has been terminated.

64. MARCELLIS STINNETTE died from his injuries.

## COUNT I
*42 U.S.C. § 1983 – Excessive Force v. OFFICER SALINAS*

65. Plaintiff realleges and incorporates paragraphs 1-64 herein as paragraph 65.

66. On or about October 20, 2020, defendant, OFFICER SALINAS' actions, namely shooting unarmed MARCELLIS STINNETTE with his weapon in MARCELLIS STINNETTE's body, while acting under the color of law, amounted to unnecessary and excessive force to the person of MARCELLIS STINNETTE when there were no reasonable grounds to do so.

67. On or about October 20, 2020, none of MARCELLIS STINNETTE's actions justified this use of unnecessary and excessive force by defendant, OFFICER SALINAS.

68. Defendant, OFFICER SALINAS' actions were malicious, willful and wanton, and constituted a reckless and deliberate indifference to MARCELLIS STINNETTE's constitutionally protected rights, while acting under the color of law.

69. As a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER SALINAS, MARCELLIS STINNETTE, was deprived of the rights, privileges,

and immunities guaranteed by the Fourth Amendment and/or Fourteenth Amendment of the United States Constitution, namely he was subjected to an unreasonable use of force.

70. In addition, as a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER SALINAS, MARCELLIS STINNETTE suffered substantial pain and suffering and lost his life.

WHEREFORE, plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, demands compensatory damages from the defendant, OFFICER SALINAS. Plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, demands judgment against OFFICER SALINAS, and further demands punitive damages, costs and attorney fees against OFFICER SALINAS and any additional relief this Court deems equitable and just.

## COUNT II
*Wrongful Death Pursuant to Illinois' Wrongful Death Act (740 ILCS 180) v. OFFICER SALINAS*

71. Plaintiff realleges and incorporates paragraphs 1-64 herein as paragraph 71.

72. That due to OFFICER SALINAS' aforementioned actions, MARCELLIS STINNETTE, deceased, sustained severe bodily injuries which ultimately caused his death.

73. That at all relevant times, MARCELLIS STINNETTE, exercised due care for his own safety.

74. At all relevant times, the defendant, OFFICER SALINAS', owed a duty to MARCELLIS STINNETTE, to refrain from willful and wanton acts or omissions which could cause suffering and/or death to MARCELLIS STINNETTE.

75. As detailed above, the defendant, OFFICER SALINAS, breached his duty by willfully and wantonly restraining and shooting MARCELLIS STINNETTE, although he was unarmed, causing him great pain and suffering and causing his death.

76. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions of OFFICER SALINAS, MARCELLIS STINNETTE died on October 20, 2020.

77. MARCELLIS STINNETTE left surviving him his heirs at law and next of kin, who by reason of his death did sustain grief, sorrow, and pecuniary losses including but not limited to comfort, protection, support, services, loss of society, and relationship.

78. That plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, deceased, brings this action pursuant to the Wrongful Death Act, 740 ILCS 180/2 and 180/2.1.

WHEREFORE, plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, demands compensatory damages from the defendant, OFFICER SALINAS. Plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, demands judgment against OFFICER SALINAS, and further demands punitive damages, costs and attorney fees against OFFICER SALINAS and any additional relief this Court deems equitable and just.

## COUNT III
*Survival Action Pursuant to Illinois' Survival Act (755 ILCS 5/27) v. OFFICER SALINAS*

79. Plaintiff realleges and incorporates paragraphs 1-64 herein as paragraph 79.

80. That due to OFFICER SALINAS' actions, MARCELLIS STINNETTE, deceased, suffered severe bodily injuries, which ultimately caused his death.

81. That at all relevant times, MARCELLIS STINNETTE, deceased, exercised due care for his own safety.

82. At all relevant times, OFFICER SALINAS, owed MARCELLIS STINNETTE, deceased, a duty to refrain from willful and wanton acts or omissions which could cause suffering or death to MARCELLIS STINNETTE.

83. As outlined above, OFFICER SALINAS, breached his duty by willfully and wantonly shooting MARCELLIS STINNETTE, although he was unarmed, causing him great pain and suffering, and causing his death.

84. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions of OFFICER SALINAS, MARCELLIS STINNETTE suffered injuries of personal and pecuniary nature, including pain and suffering, disability and disfigurement, and ultimately death.

85. That plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, deceased, brings this action pursuant to the Survival Act, 755 ILCS 5/27-6.

WHEREFORE, plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, demands compensatory damages from the defendant, OFFICER SALINAS. Plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, demands judgment against OFFICER SALINAS, and further demands punitive damages, costs and attorney fees against OFFICER SALINAS and any additional relief this Court deems equitable and just.

## COUNT IV
*Monell Claim-Violation of 42 U.S.C §1983 v. CITY OF WAUKEGAN*
*and CHIEF OF POLICE WAYNE WALLES*

86. Plaintiff realleges and incorporates paragraphs 1-64 herein as paragraph 86.

87. Defendant, CITY OF WAUKEGAN's policymakers, including but not limited to, CHIEF OF POLICE WAYNE WALLES, accepted the pattern and practice among its police officers of disregarding the requirement for a finding of reasonable suspicion prior to effectuating a stop and for using excessive force and unconstitutional police tactics created a practice, although not written or express municipal policy, so widespread, permanent, and settled it constituted a custom or usage within the Waukegan Police Department.

88. As final policy makers, CHIEF OF POLICE WAYNE WALLES, by creating this custom or usage of excessive force during the arrest and/or detention of accused individuals amounted to a policy decision.

89. The policy decision of defendant, CITY OF WAUKEGAN's policymakers, CHIEF OF POLICE WAYNE WALLES, caused the violation of MARCELLIS STINNETTE's constitutional rights, and ultimately led to his death.

WHEREFORE, the plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, prays for judgment against the defendant, CITY OF WAUKEGAN for compensatory damages, costs, attorney's fees, and any other relief the Court deems equitable and just.

## COUNT V
*Violation of 42. U.S.C. §1983 - Negligent Hiring Training and Supervision v. CITY OF WAUKEGAN and CHIEF OF POLICE WAYNE WALLES*

90. Plaintiff realleges and incorporates paragraphs 1-64 herein as paragraph 90.

91. Defendants, the CITY OF WAUKEGAN and CHIEF OF POLICE WAYNE WALLES, owed a duty of care to hire only qualified employees for the tasks they were assigned, train them properly in the performance of their duties and provide proper supervision and guidance to their employees in their assigned duties.

92. Defendants, the CITY OF WAUKEGAN and CHIEF OF POLICE WAYNE WALLES, breached their duties to hire only qualified employees for the tasks they were assigned, train them properly in the performance of their duties and provide proper supervision and guidance to their employees in their assigned duties when they failed to do appropriate background checks, psychological testing, failed to be present to supervise the activities of officers, mistreated or reassigned supervisors who complained about the actions of officers including the excessive force, and allowed officers who did not perform up to standards during field training to be placed on the street.

93. In fact, since August 31, 2019, defendants, CITY OF WAUKEGAN and CHIEF OF POLICE WAYNE WALLES, had knowledge that OFFICER SALINAS had a propensity to escalate confrontations into hazardous situations, and in fact did so when he used excessive force and violated the constitutional rights of another Waukegan resident. Despite this knowledge, they took no action against OFFICER SALINAS and allowed him to remain with the police department.

94. As a direct result of defendant, CITY OF WAUKEGAN and CHIEF OF POLICE WAYNE WALLES' failure to adequately train, prepare, and equip defendant, OFFICER SALINAS, MARTELLIS STINNETTE's civil rights were violated and he was unlawfully shot while unarmed by defendant, OFFICER SALINAS, resulting in injuries, great pain and suffering, and ultimately, his death.

WHEREFORE, the plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, deceased, prays for judgment against the defendant, CITY OF WAUKEGAN for compensatory damages, costs, attorney's fees, and any other relief the Court deems equitable and just.

## COUNT VI
*False Arrest v. OFFICER KEATING*

95. Plaintiff realleges and incorporates paragraphs 1-64 herein as paragraph 95.

96. On or about October 20, 2020, defendant, OFFICER KEATING initial arrest/seizure of MARCELLIS STINNETTE, was done so without justification and/or probable cause, while he acted under the color of law. This constituted a violation of MARCELLIS STINNETTE's constitutionally protected rights.

97. As a direct and proximate result of the aforementioned actions and/or omission of defendant, OFFICER KEATING, MARCELLIS STINNETTE, was deprived of the rights, privileges, and immunities guaranteed by the Fourth Amendment and/or Fourteenth Amendment of the United States Constitution, namely he was subjected to an unreasonable seizure.

WHEREFORE, plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, deceased, demands compensatory damages from the defendants, OFFICER KEATING. Plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, demands judgment against OFFICER KEATING and further demands punitive damages, costs and attorney fees and any additional relief this Court deems equitable and just.

## COUNT VII
*745CS 10/9-102 – Indemnification Claim v. CITY OF WAUKEGAN*

98. Plaintiff realleges and incorporates paragraphs 1-64 herein as paragraph 98.

99. In the event that any individual Defendant is found liable for their actions performed in the course of their employment, the CITY OF WAUKEGAN, must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

14

WHEREFORE, Plaintiff, ZHARVELLIS HOLMES, as Independent Administrator of the
Estate of MARCELLIS STINNETTE, deceased, individually demands that the CITY OF
WAUKEGAN, pay for any compensatory judgment against individual defendants who acted in
the course of their employment.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

**O'CONNOR LAW FIRM, LTD.**

/s/ Kevin W. O'Connor
Kevin W. O'Connor

Kevin W. O'Connor (ARDC#6216627)
Ashley M. Murray (ARDC #62313564)
Matthew M. Popp (ARDC #6321315)
O'CONNOR LAW FIRM, LTD.
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
Phone: (312) 906-7609 | Fax: (312) 263-1913
firm@koconnorlaw.com
koconnorlaw@koconnorlaw.com
mpopp@koconnorlaw.com
amurray@koconnorlaw.com