**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ZHARVELLIS HOLMES, as Independent Administrator of the Estate of MARCELLIS STINNETTE, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-06437 |
| CITY OF WAUKEGAN, OFFICER DANTE SALINAS, OFFICER JAMES KEATING, and WAUKEGAN POLICE CHIEF WAYNE WALLES, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF WAUKEGAN'S RULE 26(a)(1) DISCLOSURES**

Defendant, CITY OF WAUKEGAN (referred to as "Defendant"), hereby makes the following initial disclosures pursuant to Federal Rule of Civil Procedure 26 (a)(1):

1. 26(a)(1)(A)(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**ANSWER:**

   **1. Plaintiff Zharvellis Holmes (c/o Plaintiff's Counsel)**

Plaintiff is believed to have information concerning all relevant matters, including but not limited to the allegations in his complaint and other relevant facts surrounding the alleged incident, including the damages alleged.

   **2. Dante Salinas (c/o Salinas' Counsel)**

Officer Salinas is believed to have information regarding his interactions with the plaintiff decedent and Ms. Tafara Williams on the date of the alleged incident and the threat Ms. Williams posed to Defendant Salinas, other officers, and the community at large. He is expected to testify about his knowledge of the allegations in the amended complaint, his knowledge of the incidents described in the amended complaint and his interactions with the plaintiff decedent. He also is believed to have information regarding the police reports he prepared or assisted in preparing and may have information regarding the medical treatment the plaintiff decedent received after the subject incident. Defendant Salinas is also believed to have information regarding his personal hiring and training at the Waukegan Police Department ("WPD") and the WPD's practices, procedures, protocols and required training on the use of force, and any other relevant practices,

procedures, protocols and required trainings. He is expected to testify consistent with his deposition testimony, if taken.

### 3. James Keating (c/o Keating's Counsel)

Officer Keating is expected to testify about his interactions with the plaintiff decedent on the date of the alleged incident, including his resisting of arrest; Ms. William's aiding and abetting plaintiff decedent's arrest resistance; and the threat Ms. Williams posed to himself, other WPD officers, and the community at large. He also has information regarding the police reports he prepared or assisted in preparing and may have information regarding the medical treatment plaintiff decedent received after the subject incident. Defendant Keating is also believed to have information regarding his personal hiring and training at the WPD and the WPD's practices, procedures, protocols and required training on the use of force, arrest procedures, and any other relevant practices, procedures, protocols and required trainings. He is expected to testify consistent with his deposition testimony, if taken.

### 4. Chief Wayne Walles (c/o Walles' counsel)

Chief Walles was the chief of the WPD at the time of the alleged incident. He was not present at the alleged incident nor does he have any first-hand knowledge regarding the specific events that allegedly occurred. He is believed to have information regarding his termination letter to Defendant Salinas and the WPD's practices, procedures, protocols and required training for officers on the use of force, proper arrest procedures, and any other relevant practices, procedures, protocols and required trainings. He is expected to testify consistent with any reports and his deposition testimony, if taken.

### 5. Tafara Williams (c/o Ms. Williams counsel)

Ms. Williams is expected to testify consistent with her deposition in this matter, if taken. She is expected to testify about the allegations in the amended complaint, about her conduct during the incident in question, plaintiff decedent's conduct on the day in question, and about any other information obtained during the course of discovery in this matter.

### 6. The following WPD personnel:
**Sergeant Brian Bradfield**
**Officer Andrew Newman**
**Officer Louie Tico**
**Officer Brooke Tavajian**
**Officer Jose Nieves**
**Officer Marcus Samuel**
**Officer Michael Mandro**
**Officer Nell Wolfe**
**Officer Justin Shields**
**Officer Daniel Van Hoogen**
**Officer Vance Gattone**

**Officer Michael Krupica**
**Officer Blake Hamilton**
**Officer John Spiewak**
**Officer Cesar Garcia**
**Officer John Szostak**
**Officer Danielle Swing**
**Officer Stephen Driscoll**
**Investigator Officer James Smith**
**Commander Edgardo Navarro**
**Sergeant John Fong**

The above witnesses are expected to testify consistent with their depositions, it taken. The above witnesses were on duty at the time of the alleged incident and may have knowledge of the subject incident. They are believed to have information consistent with their reports filed on 10/20/20 or 10/21/21, copies of which are provided with these disclosures. They are also believed to have knowledge regarding the WPD's practices, procedures, protocols and required training on the use of force, arrest procedures, vehicle pursuits and any other relevant practices, procedures, protocols and required trainings. Each can be contacted through Counsel for City of Waukegan.

7. **Special Agent Dan Thomas and various currently unknown Illinois State Police Officers**
   **Illinois State Police, 595 South State Street, Elgin, IL 60123**

The above witnesses are expected to testify consistently with their depositions, if taken. The above witnesses may have information regarding the Illinois State Police's investigation of the alleged incident that is the subject of the amended complaint. Investigation continues.

8. **Waukegan Fire Department personnel:**
   **Waukegan Fire Department Lieutenants Schejbal, Wolozyz, Kublank and Davis**
   **Waukegan Fire Department Firefighters Koch, Zahn, E. Johnson, Bandel, Lynch, DiNicola, Mayfield, Kohnke, Casper, Hutchinson, Pellegrino, Jacobi, Macholl, Agos and Mijakovic**
   **Waukegan Fire Department, 1101 Belvidere Rd., Waukegan, IL 60085**

These individuals are members of the Waukegan Fire Department who responded to the scene of the alleged incident. All are believed to have information regarding medical care provided by the Waukegan Fire Department and WPD members to plaintiff decedent and Tafara Williams at the scene of the alleged incident.

9. **Waukegan Civil Service Commission employees.**

These individuals are believed to have knowledge regarding the hiring and training requirements and practices for Waukegan police officers. Investigation continues and these individuals will be identified through other written discovery or in supplemental disclosures.

10. **Industrial Organizational Solutions employees.**

These individuals are believed to have knowledge, information and documents regarding tests and assessments administered by Industrial Organizational Solutions to Waukegan police officers prior to and during the officers' employment with the Waukegan Police Department. Investigation continues and these individuals (and documents or other tangible evidence they have in their possession) will be identified through other written discovery or in supplemental disclosures.

    **11. Business Agent/Records Custodian to authenticate any of the documents disclosed in Defendant City of Waukegan's initial disclosure or any other discovery document.**

    **12. All persons deposed in this action.**

    **13. Agents of the City of Waukegan, Waukegan Police Department, and/or Waukegan Fire Department to lay a foundation for any audio recordings and documents made and held in the ordinary course of business.**

    **14. Any person identified during discovery, including responses to written discovery, depositions, or other discovery.**

    **15. Any witness deposed in this action.**

    **16. All persons identified in any documents or tangible evidence disclosed by Plaintiff or any other party in any discovery responses or disclosures.**

    **17. Any witness necessary to identify or authenticate any document or other item of evidence.**

    **18. Any witness identified by any other parties to this action.**

2. 26(a)(1)(A)(ii) A copy, or a description by category and location, of all documents, data compilations, and tangible things that are in the possession, custody, or control of the disclosing party and that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

    **ANSWER: The following documents/tangible evidence are attached to these initial disclosures:**

    1. **Waukegan Police Department reports regarding the subject incident;**
    2. **Bodycam videos from the police officers present during and after the subject incident;**
    3. **Dashcam videos from relevant police vehicles;**
    4. **Waukegan Police Department policies and procedures regarding officers' use of force; proper arrest procedures; vehicle pursuits; training requirements; hiring practices; and other relevant policies and procedures;**
    5. **Records regarding Defendants Salinas' and Keating's hiring, training, work performance and other history at the Waukegan Police Department;**

6. **Records from the Waukegan Civil Service Commission regarding requirements for hiring Waukegan Police Department officers and training and tests administered for same; and**
7. **Illinois Administrative Code provisions regarding hiring and training requirements for law enforcement officers and other relevant provisions.**

3. 26(a)(1)(A)(iii) Provide a computation of each category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

    **ANSWER: Not applicable to this defendant.**

4. 26(a)(1)(A)(iv) Provide for inspection and copying, as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    **ANSWER: See applicable policy information below:**

    1. **General liability and excess carrier: Safety Specialty Insurance Co.; policy number: POC4057222; policy period: 07/01/2020 – 06/30/202; policy limits: $2M, excess $8M**
    2. **Additional excess: Allied World; policy number 5111-0237-00; limit $10M**

Respectfully submitted,

By: *Stephanie W. Weiner*

Stephanie Weiner (ARDC # 6276136)
Sarah Jansen (ARDC #6275916)
HEPLER BROOM, LLC
30 N LaSalle St., Ste. 2900
Chicago, Illinois 60602
Phone No. (312) 230-9100
Fax No. (312) 230-9201
Stephanie.Weiner@heplerbroom.com
Sarah.Jansen@heplerbroom.com
*Counsel for City of Waukegan and Chief Wayne Walles*

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, states that she caused to have electronically filed with the Clerk of the Court, ***Defendant, City of Waukegan and Chief Wayne Walles Rule 26(a)(1) Disclosures***, and caused the same to be served on all attorneys of record via CM/ECF on May 21, 2021


Date: May 21, 2021            By: /s/ Stephanie W. Weiner