IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Zharvellis Holmes ) | |
| ) | Case No.: 1:20-cv-06437 |
| Plaintiff, ) | |
| ) | Honorable Elaine E. Bucklo |
| v. ) | Honorable Beth W. Jantz |
| ) | |
| Dante Salinas, *et. al.* ) | |
| ) | |
| Defendants. ) | |

### MOTION TO INTERVENE

NOW COMES, Tafara Williams, by and through her counsel, Blake Horwitz, Esq., requesting leave to file the instant Motion to Intervene and to secure said relief found therein pursuant to Federal Rule of Civil Procedure 24(a)(2). In support of the same, Movant states as follows:

Upon making a timely application, anyone shall be permitted to intervene in an action upon showing the following: (1) the application to intervene is timely; (2) there is an interest relating to the property or transaction which is the subject of the action; (3) movant is so situated that disposition of the action, as a practical matter, may impede or impair her ability to protect that interest; and (4) her interest is represented inadequately by the existing parties to the suit. Fed. R. Civ. P. 24.

The instant motion is timely as there is no trial date set and the reason to intervene only recently became apparent. Movant's interests are directly tied to the transaction which is the subject matter of the instant action. Movant's interests are being impaired by way of the procedural dilema of the instant action, and her interests are not adequately represented absent intervention.

1

In short, the reason for this motion is that there are no attorneys prosecuting the instant cause. The Plaintiff, Zharvellis Holmes, is not an attorney and lacks legal authority to prosecute this action.[1] For discovery purposes, the instant cause is consolidated with 20-cv-06409. [Dkt No. 153]. However, discovery cannot move forward because there is no party with whom Tafara Williams' counsel can speak as no attorneys represent Zharvellis Holmes—the named Plaintiff to the instant action. In effect, a LCR 37.2 conference cannot be undertaken.

Though there is presently a discovery stay, Judge Jantz entered an order which requires that the parties meet and confer to resolve discovery disputes referable to the stay [Dkt No. 148][2] so that, if appropriate, the stay can be lifted for the limited purpose of securing depositions so as to avoid the loss of information which can occur over time (*i.e.*, memories fade, witnesses become difficult to locate, etc.).

This Court has been lulled into the understanding that there were attorneys representing the instant Plaintiff—Zharvellis Holmes—as attorneys Ashley Murray, Cameron Joseph Tober

---

[1] Zharvellis Holmes is named in this action as "ZHARVELLIS HOLMES, Individually and as Independent Administrator of the Estate of MARCELLIS STINNETTE, deceased." But she is not the administrator as demonstrated by the record in probate, has not been appointed administrator by this Court or any other court, and has no "independent" cause of action based on the pleadings as she had no involvement in the underlying shooting case (she was living in Florida at the time). Regardless of her status in this action, it is clear that as an administrator, she has no authority to litigate this matter on behalf of the estate as she is not an attorney. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one pro se litigant cannot represent another"); *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) ("A next friend [i.e., parent] may not, without the assistance of counsel, bring suit on behalf of a minor party."); 28 U.S.C. § 1654; Fed. R. Civ. P. 11(a); *In re Estate of Mattson*, 2019 IL App (1st) 180805, ¶ 6 (finding that someone could not "represent the legal interests of Decedent's estate in a *pro se* capacity since he [was] not a licensed attorney," explaining that "although a pro se litigant is entitled to represent his own personal interests, a non-attorney cannot represent another's legal interests on behalf of that individual"); *People v. Boone*, 2024 IL App (5th) 220008-U, ¶ 77.

[2] [T]he Court requires … the Parties [to] meet and confer (in person, by phone, or by video; email will not suffice) on each witness that Plaintiff requests to depose and on how those depositions might or might not interfere with the ongoing criminal proceedings.

and Matthew M. Popp[3] are all still attorneys of record. Movant's attorney Blake Horwitz has brought this matter to the attention of these counsels (with the exception of Matthew Popp) on several ocassions, both telephonically and via e-mail on August 29 and August 30, 2024, but said counsels have not filed the proper motions to withdraw so as to clarify the record.

Attorney Ashley Murray did advise Movant's counsel on August 30, 2024, that she had spoken to this Court's clerk for the purpose of reviewing docket entry #30, filed on January 26, 2021, (over three years ago) to discern whether through a poorly worded motion to withdraw, her appearance can be recognized as a withdrawn appearance. An order withdrawing her appearance was never entered, and understandably so, as that motion does not clearly ask for that relief. [Dkt No. 30].

A status report was filed in the instant cause on August 15, 2024 [Dkt No. 144] absent any contribution by Zharvellis Holmes and/her counsel. Additionally, a motion to consolidate the instant cause was filed by Tafara Williams' counsel in 20-cv-06409, on August 30, 2024, but there is no attorney acting on behalf of Zharvellis Holmes to respond to said motion.

The present SNAFU creates a scenario where little can be done with regard to discovery in the absence of an attorney representing Zharvellis Holmes, and as such, Movant seeks to intervene to allow Movant to have standing so as to bring this matter to the attention of this Court, so that to allow the consolidated discovery to move forward.

WHEREFORE, Movant prays that this Court grant the instant motion to intervene and after having granted same, for this Court to clarify the record of the instant cause and/or cause

---

[3] Mr. Popp has no telephone or e-mail registered with the ARDC lawyer search website, but this motion shall be sent via mail to his ARDC identified address: Matthew M. Popp, 835 West 37th Street, Chicago, Illinois 60609-1537.

Plaintiff's counsel with appearances on file to properly articualte their representation of Zharvellis Holmes.

Respectfully,

*/s/ Blake Horwitz*

Blake Horwitz
**THE BLAKE HORWITZ LAW FIRM, LTD**.
216 S. Jefferson Street, Suite 101
Chicago, IL 60602
***Attorney for Tafara Williams***

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Holmes | ) | |
| | ) | Case No.: 1:20-cv-06437 |
| Plaintiff, | ) | |
| | ) | Honorable Elaine E. Bucklo |
| v. | ) | Honorable Beth W. Jantz |
| | ) | |
| Salinas, *et. al.* | ) | |
| | ) | |
| Defendants | | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I filed the above and foregoing Motion with the Clerk of Court using the CM/ECF system, which sent notice of such filing to all attorneys of record and the foregoing was sent via email to:

Matthew Popp (mpopp@koconnorlaw.com)
Cameron Tober (ctober@tpmblegal.com)
Ashley Murray (ashley.mb.murray@gmail.com)
Kevin O'Connor (koconnor@koconnorlaw.com)

and to Plaintiff Holmes via certified mail to: 6407 Hughes St., Jacksonville, FL 32219

and to Tafara Williams' defense attorney via email: Jason Dreifuss (jason@dreifuss.law)

       Respectfully,

       */s/ Blake Horwitz*
       Blake Horwitz
       **THE BLAKE HORWITZ LAW FIRM, LTD**.
       216 S. Jefferson Street, Suite 101
       Chicago, IL 60602
       *Attorney for Tafara Williams*

5